**IT IS ORDERED as set forth below:**

**Date: June 10, 2025**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 25-52759-JWC |
| CUSTOMIZED DISTRIBUTION LLC, ) | |
| ) | CHAPTER 7 |
| Debtor. ) | |
| ) | JUDGE JEFFERY W. CAVENDER |
| ) | |

**CONSENT ORDER ON TRUSTEE'S MOTION FOR ORDER COMPELLING CHIEF RESTRUCTURING OFFICER OR, ALTERNATIVELY, DEBTOR'S OWNER TO PERFORM DEBTOR'S STATUTORY DUTIES**

On May 21, 2025, Michael J. Bargar, as Chapter 7 trustee ("Trustee") for the bankruptcy estate of Customized Distribution, LLC ("Debtor"), filed *Trustee's Motion for Order Compelling Chief Restructuring Officer Or, Alternatively, Debtor's Owner to Perform Debtor's Statutory Duties* (Doc. No. 53) (the "Motion"). In the Motion, Trustee requests, *inter alia*, an order directing

4928-6207-6491 v.4

BlackBriar Advisors LLC ("BlackBriar") to perform the duties of the Debtor in the above-captioned case pursuant to Section 521 of the Bankruptcy Code.[1]

The Court having considered the Motion, the response thereto filed by BlackBriar, and the arguments of counsel for the Trustee, BlackBriar, and the United States Trustee at a hearing on the Motion, and based on the agreements and stipulations of BlackBriar and the Trustee set forth herein and for good cause shown, it is hereby

**ORDERED** that the Motion is **GRANTED** as set forth herein. It is further

**ORDERED** that BlackBriar shall perform the duties required of the Debtor under Section 521 of the Bankruptcy Code, including, without limitation, filing the schedules and statements required under Section 521(a)(1) (collectively, the "Schedules") and appearing and testifying at the Section 341 meeting of creditors, subject to the following stipulations and agreements between the Trustee and BlackBriar which are incorporated into this Order:

1. The Trustee shall provide BlackBriar access to all books, records, and similar materials in the Trustee's possession, custody, or control as necessary to complete the Schedules.

2. BlackBriar shall file the Schedules within thirty (30) days after its receipt of the Debtor's books, records, and similar materials in the Trustee's possession, custody, or control; provided, however, that nothing contained herein shall prejudice BlackBriar's ability to seek a further order of the Court extending the time to file the Schedules or any portion thereof.

It is further

---

[1] 11 U.S.C. §§ 101 *et seq.*

**ORDERED** that, notwithstanding any requirements contained in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure that the Schedules be attested to and the Section 341 meeting be conducted under oath, all information contained in the Schedules and testimony given at the Section 341 meeting shall be understood to have been given the best of BlackBriar's own knowledge, information, and belief and based solely on the Debtor's information available to BlackBriar. BlackBriar has not, and shall have no duty to, undertake an audit of the Debtor's books and records. It is further

**ORDERED** that BlackBriar shall have no obligation to perform the duties of the Debtor under Section 521(j) of the Bankruptcy Code or otherwise to file any tax returns or perform any tax-related functions on behalf of the Debtor. It is further

**ORDERED** that, for the avoidance of doubt, BlackBriar's counsel of record in this bankruptcy case is solely counsel to BlackBriar and shall not be deemed at any time to be acting as counsel to the Debtor. It is further

**ORDERED** that nothing contained herein shall prejudice or be deemed to waive (1) the rights of the Trustee or BlackBriar to seek information from the Debtor, its former officers, directors, or employees, or any other third parties, pursuant to Fed. R. Bankr. P. 2004 or otherwise; (2) BlackBriar's rights to file and obtain allowance and payment of a proof of claim in this case; or (3) any rights, remedies, claims or defenses of BlackBriar, whether asserted or arising in this bankruptcy case or otherwise.

##END OF DOCUMENT##

| | |
|---|---|
| *Prepared, presented, and consented to by:* | *Consented to by:* |
| NELSON MULLINS RILEY & SCARBOROUGH, LLP | ROUNTREE LEITMAN KLEIN & GEER LLC |
| */s/ Adam D. Herring* <br> Adam D. Herring <br> Georgia Bar No. 441119 <br> 201 17th Street NW, Suite 1700 <br> Atlanta, Georgia 30363 <br> Tel: (404) 322-6143 <br> Fax: (404) 322-6050 <br> adam.herring@nelsonmullins.com | */s/ Michael J. Bargar (w/express permission by Adam Herring)* <br> Michael J. Bargar <br> Georgia Bar No. 645709 <br> Century Plaza I <br> 2987 Clairmont Road, Suite 350 <br> Atlanta, Georgia 30329 <br> Tel: (404) 410-1220 <br> mbargar@rlkglaw.com |
| *Counsel to BlackBriar Advisors, LLC* | |

*No opposition:*

MARY IDA TOWNSON, UNITED STATES TRUSTEE

*/s/ Jonathan S. Adams (w/express permission by Adam Herring)*
Jonathan S. Adams
Georgia Bar No. 979073
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
Tel: (404) 331-4437
jonathan.s.adams@usdoj.gov

**Distribution List**

All Parties on the Mailing Matrix