UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 25-52759-JWC |
| CUSTOMIZED DISTRIBUTION LLC, | : | CHAPTER 7 |
| Debtor. | : | |
| MICHAEL J. BARGAR, as Chapter 7 trustee for the estate of Customized Distribution, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. _____ |
| AIRESPRING, INC., | : | |
| Defendants. | : | |

**COMPLAINT**

COMES NOW Michael J. Bargar, as Chapter 7 trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Estate**" or "**Bankruptcy Estate**") of Customized Distribution, LLC ("**Debtor**"), by and through undersigned counsel, and files this Complaint (the "**Complaint**") against AireSpring, Inc. ("**Defendant**" or "**AireSpring**").

**Jurisdiction, Venue, and Parties**

1.

This adversary proceeding is initiated pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and 11 U.S.C. § 542.

2.

This Court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 157 and 1334 because the claims asserted herein arise under Title 11 of the United States Code (the "**Bankruptcy Code**").

3.

Defendant is subject to the jurisdiction of this Court and may be served under Rule§7004(b)(1) of the Federal Rules of Bankruptcy Procedure by first class United States Mail to its registered agent in Georgia and to its CEO in Florida:

National Registered Agents, Inc.
289 S. Culver Street
Lawrenceville, GA 30046-4805

AireSpring, Inc.
Attn: Avi Lonstein, CEO
600 Cleveland St., Suite 226
Clearwater, FL 33755

AireSpring Inc
9015 Eton Ave, Suite A,
Canoga Park, CA 91304

4.

This adversary proceeding arises in and relates to the Chapter 7 bankruptcy case *In re Customized Distribution, LLC*, Case No. 25-52759-JWC (the "**Case**" or "**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division (the "**Court**" or the "**Bankruptcy Court**").

5.

This Complaint is a core proceeding pursuant to 28 U.S.C. §157.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because Debtor's case is pending in this district and this division.

7.

Trustee consents to the entry of final orders or judgment by the Bankruptcy Court.

## Statement of Facts

### a. General Background Facts

8.

The underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") was initiated by the filing of an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on March 13, 2025 (the "**Petition Date**"). On April 21, 2025, the Court entered an Order for Relief [the "**Order for Relief**," Doc. No. 34] granting involuntary relief.

9.

Shortly thereafter, Trustee was appointed as the Chapter 7 trustee in this Case, and he remains in that role.

10.

Upon the filing of the involuntary bankruptcy petition, the Bankruptcy Estate was formed, and it includes all of Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. *See* 11 U.S.C. § 541(a)(1). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323.

### *b. Debtor's Business Relationship with AireSpring*

11.

Prior to the Debtor's bankruptcy case, AireSpring stored Debtor's electronic information by cloud or other electronic means.

12.

Trustee has had contact with Dana Muoio, Senior Accounts Receivable Specialist, at AireSpring, and she has confirmed by email that "AireSpring will preserve its information pertaining to our customer."

13.

Trustee has requested access to all the Debtor's electronic data, including documents, files, and related information.

14.

AireSpring has not provided access and has instead only responded that the information is preserved.

### COUNT I
### (Claim for Turnover under 11 U.S.C. § 542)

15.

Plaintiff realleges the allegations of paragraphs 1 through 14 above as though fully set forth herein.

16.

Plaintiff's interest in the Debtor's electronic data preserved by AireSpring became property of the Bankruptcy Estate as of the Petition Date.

17.

Plaintiff seeks immediate turnover of the Debtor's electronic data preserved by AireSpring – "turnover" in this set of circumstances meaning Plaintiff should have immediate access to the Debtor's electronic data.

18.

Pursuant to section 542(a) of the Bankruptcy Code:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title … shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

19.

Pursuant to 11 U.S.C. § 542(a), the Plaintiff is entitled to the turnover of the electronic data preserved by AireSpring.

WHEREFORE, Plaintiff prays that this Court enter:

a) a judgment in favor of Plaintiff and against Defendant requiring the turnover of the Debtor's electronic data to Plaintiff under 11 U.S.C. § 542;

b) a judgment in favor of Plaintiff and against Defendants reimbursing Plaintiff for all costs incurred in this action, including interest and attorney's fees; and

    c) a judgment in favor of Plaintiff and against Defendants granting such other and further relief as is just and proper.

Respectfully submitted this 13th day of August, 2025.

                                ROUNTREE LEITMAN KLEIN & GEER, LLC
                                *Attorneys for Trustee*

                                By: */s/ Michael J. Bargar*
                                    Michael J. Bargar

Century Plaza I                                Georgia Bar No. 645709
2987 Clairmont Road, Suite 350         mbargar@rlkglaw.com
Atlanta, Georgia 30329
404-410-1220